**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------X

**UNITED STATES OF AMERICA**            :

                -v-                                    :            **CASE No:  13-cr-10238-DPW**

**AZAMAT TAZHAYAKOV**                    :

                                                       :
                        **Defendant.**
------------------------------------------------------X

**PROPOSED JURY INSTRUCTIONS ON BEHALF OF**
**DEFENDANT AZAMAT TAZHAYAKOV**

## <u>INTRODUCTION</u>

In addition to the Court's usual and customary jury instructions in a criminal case, Defendant Azamat Tazhayakov respectfully submits the following requests to charge pursuant to Fed. R. Crim. P. 30.  Mr. Tazhayakov respectfully reserves the right to submit additional requests relating to the defense theory of the case, as well as other matters.

## REQUEST NO. 1

## INDICTMENT IS NOT EVIDENCE

The indictment is not evidence.  It is nothing more than a set of accusations, a statement of what the government intends to prove by offering evidence at trial.  It gives the defendant notice of the charges against him and informs the court and the public of the nature of the accusation.  As such, you cannot convict the defendant of any crimes that are not charged in the indictment.

Since the indictment is not evidence and since it does not purport to prove or even indicate evidence against the defendant, you are to give no weight whatsoever to it.  Every defendant begins trial with an absolutely clean slate and without any evidence against him.  Remember that those are merely accusations.  What matters is the evidence, or lack thereof, that you heard in the trial.[1]

---

[1] Adapted from Sand, Siffert, Loughling, Reiss, Modern Federal Jury Instructions, Instruction 3-1 (hereinafter "Sand").

## REQUEST NO. 2

## DEFENDANT'S TESTIMONY

Let me turn now to another principle of the utmost importance.

Every defendant in a criminal case has the right to elect not to give testimony.  The law does not compel a defendant in a criminal case to take the witness stand and testify.  This is because, under our Constitution, the defense has no obligation to present any evidence -- it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  Consequently, if the defendant elects to exercise that right, it is your absolute obligation to draw no inference of any sort from the fact that he has not testified.

You are not to speculate why a defendant did not testify or about what he might have said if he had elected to testify.

You are to confine your deliberations exclusively to the question of whether or not - on the evidence actually before you - the government has proven beyond a reasonable doubt the guilt of the defendant.

I repeat that you may not attach any significance to a defendant's decision not to testify. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. That burden is with the government throughout the trial.[2]

---

[2] Adapted from Devitt & Blackmar, *Federal Jury Practice and Instructions,* §17.13.

## REQUEST NO. 3

## REASONABLE DOUBT

I have said that the government must prove that the defendant is guilty beyond a reasonable doubt.  The question naturally is what is reasonable doubt?  The words almost define themselves.  It is doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

Unless the Government proves, beyond a reasonable doubt, that the defendant has committed each and every element of an offense charged in the Indictment, you must find the defendant not guilty of that offense.  If the jury views the evidence as a whole in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.  The absence of evidence in a criminal case is a valid basis for reasonable doubt.[3]

---

[3] Adapted from Sand, Instruction 4-2.

<u>**REQUEST NO. 4**</u>

<u>**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**</u>

Closely related to the doctrine of reasonable doubt is the concept of the presumption of innocence.

Although the defendant has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendant has pled not guilty to the Superseding Indictment.  In doing so, the defendant denies each and every allegation charged against him.  That means that the government has the burden of proving what is charged in the indictment.

The government must prove its case beyond a reasonable doubt.  You may not find the defendant guilty on any count unless the evidence proves to you beyond a reasonable doubt that the defendant committed the offense charged.  While you may find the defendant guilty of an offense if the government has proven the elements of such offense beyond a reasonable doubt, you must acquit the defendant of that offense if the government has not met its burden.

A defendant does not have to prove anything.  The law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.  On the contrary, the defendant is presumed to be innocent.  He is not required to call any witnesses or introduce any evidence whatsoever.  It is the government that must prove the case to you and must do so by proving beyond a reasonable doubt each and every element of the crimes charged in the indictment.

The presumption of innocence is not a mere formality.  Each juror is bound to entertain it conscientiously and to give the defendant the full benefit of the presumption of innocence.  The point is that the presumption of innocence continues in the defendant's favor throughout the entire trial and remains there in the jury room until you have finally resolved it, if you ever do so.

This presumption was with the defendant when the trial began and remains with them now even as I speak to you and will continue into your deliberations.  Right up to the last minute your discussions should include the proposition that the government has the burden of proof, and if the government has not sustained that burden, that, in and of itself would have to be the basis of a reasonable doubt.  Consequently, you must return a verdict of acquittal unless the evidence has proven the guilt of the defendant beyond a reasonable doubt.[4]

---

[4] Adapted from Sand, Instruction 4-1.

## REQUEST NO. 5

## ROLE OF THE JURY

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by the witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.[5]

---

[5] Adapted from Sand, Instruction 2-3 (modified).

<u>REQUEST NO. 6</u>

<u>DUTY TO DELIBERATE/UNANIMOUS VERDICT</u>

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous. You may not convict a defendant by a seven to five or eight to four vote for example.  All twelve of you must agree.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict, whether guilty or not guilty, must be unanimous.[6]

---

[6] Adapted from Sand, Instruction 9-7.

## REQUEST NO. 7

## CREDIBILITY OF WITNESSES

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In assessing credibility, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the

witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In assessing the credibility of any witness, you should be aware that the law provides that a jury is free, based on a witness's demeanor, to assume the truth of what he denies.  Thus, if a witness denies the truth of a particular assertion or statement, and you believe that his demeanor indicates that his denial is false, you may, but you are not required to, assume the truth of what the witness has denied.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.[7]

---

[7]  Adapted from Sand, Instruction 7-1.

## REQUEST NO. 8

## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.  How much you choose to believe a witness may be influenced by the witness' bias.

Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires you to view the witness' testimony with caution, to weigh it with care, and subject it close and searching scrutiny.[8]

---

[8]  Sand, Instruction 7-2.

## REQUEST NO. 9

## INTEREST IN OUTCOME

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[9]

---

[9] Sand, Instruction 7-3.

## REQUEST NO. 10

## CONDUCT OF COUNSEL

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[10]

---

[10]  Adapted from Sand, Instruction 2-8.

## REQUEST NO. 11

## GOVERNMENT AS A PARTY

You should find the facts of this case without prejudice as to any party.  The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand as equals at the bar of justice.[11]

---

[11]  Adapted from Sand, Instruction 2-5.

## REQUEST NO. 12

## INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

The process of drawing inferences from facts is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw — but are not required to draw — from the facts which have been established by the evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented, you are permitted, from the facts which you find to be proven, such reasonable inferences as would be justified in light of common sense and experience.[12]  You are not, however, permitted to speculate or guess.

---

[12] Adapted from Sand, Instruction 6-1.

# REQUEST NO. 13

## *[If applicable]*

## SUMMARY EVIDENCE

Some of the witnesses testified with respect to various charts, schedules, and summaries that were based on other evidence in the case.  The documents from which they were made are before you as evidence.  The charts, schedules, and summaries were intended to make other evidence more meaningful and to aid you in considering the evidence.  Such charts, schedules, and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts, schedules, and summaries than you would give to the underlying evidence.

It is for you to decide whether the charts, schedules, and summaries correctly present the information contained in the testimony and in the exhibits on which they are based.  In the event that a chart, schedule, or summary differs from your recollection of the testimony or actual documents on which the chart, schedule, or summary is based, you are to rely on the testimony or actual document, not the chart, schedule, or summary.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.[13]

---

[13] Adapted from Sand, Instruction 5-13.

## REQUEST NO. 14

### *[If applicable]*

## STIPULATIONS OF EVIDENCE OR FACTS

In this case you have heard evidence or facts in the form of stipulations of testimony.

A stipulation of testimony or facts is an agreement between the parties that, if called as a witness, the person would have given certain testimony.

You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

## REQUEST NO. 15

## STATEMENTS BY THE DEFENDANT

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statement attributed to him by the government, and (2) if so, how much weight to give it.

In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made.  You must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[14]

---

[14] Modeled after 1st Circuit Pattern Jury Instruction 2.11.

<u>**REQUEST NO. 16**</u>

<u>**STATEMENTS OR CONDUCT OF A DEFENDANT –
SINGLE DEFENDANT ON TRIAL**</u>

Evidence relating to any alleged statement alleged to have been made by the defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care.  All such alleged statements, confessions, or admissions should be disregarded entirely unless other evidence in the case convinces the jury beyond a reasonable doubt that the statements were made or done knowingly and voluntarily.

In determining whether any alleged statement alleged to have been made by the defendant outside of court and after a crime has been committed was knowingly and voluntarily made, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant at the time the alleged statement was made, as well as his treatment while in custody or under interrogation as shown by all the evidence in the case.   Also consider all other circumstances in evidence surrounding the making of the alleged statement or admission.

If after considering the evidence you determine that a statement was made knowingly and voluntarily, you may give it such weight as you feel it deserve under the circumstances.

## **REQUEST NO. 17**

## **FAILURE TO CALL 911 OR LAW ENFORCEMENT**

A person has no legal obligation to call 911 and report a crime or purported crime. You should not conclude or infer that the defendant is guilty or predisposed to commit criminal acts because of his alleged failure to call 911. You may only consider the evidence presented on this issue within the context of the particular circumstances of this case.

## REQUEST NO. 18

## FAILURE TO PROVIDE INFORMATION TO INVESTIGATORS

A person has no legal obligation to voluntarily provide information or things requested by investigators. There may be reasons why such a person may decline to provide such information or things. You should not conclude or infer that the defendant is guilty or predisposed to commit criminal acts because of his alleged refusal to voluntarily provide such information or things. You may only consider the evidence presented on this issue within the context of the particular circumstances of this case.

## REQUEST NO. 19

## GUILT BY ASSOCIATION

There is a long-standing rule against "guilt by association." A defendant may not be convicted merely because people who [lived] or associated with him committed criminal conduct. In this case, a defendant cannot be convicted simply because he was associated with or friendly with anyone you may find to have acted in violation of the law. Each element of each offense must be proved independently against a defendant individually on the basis of his own conduct and state of mind.[15]

---

[15] <u>United States v. Allen</u>, 670 F.3d 12, 19 (1st Cir. 2012).

**REQUEST NO. 20**

**RELIABILITY OF TRANSLATIONS**

During the trial, certain evidence was translated into English.  In certain instances you have been given a transcript of a translation by [the government].

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

## **REQUEST NO. 21**

## **CAUTION AS TO WITNESS WHO RECEIVED IMMUNITY**

You have heard the testimony of Bayan Kumiskali.  She provided evidence under an immunity agreement with the government.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of this individual with particular caution given that she was given an agreement from the government not to be prosecuted for her role in the alleged conduct.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.[16]

---

[16] Modeled after 1st Circuit Pattern Jury Instruction 2.08.

## **REQUEST NO. 22**

### *[If applicable]*

## **UNINDICTED CO-CONSPIRATOR AS GOVERNMENT WITNESS**

The government has called as witness(es) people who are named by the prosecution as co-conspirators but who are not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care.  You should consider whether they have an interest in the case and whether they have a motive to testify falsely.  In other words, ask yourselves whether they have a stake in the outcome of this trial.  As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.[17]

---

[17]  Sand, Instruction 7-7.

## REQUEST NO. 23

### *[If applicable]*

## COOPERATING WITNESSES

In this case you have heard testimony from a government witness who pled guilty to crimes they had committed after entering into an agreement with the government.

There is evidence that pursuant to this agreement, the individual agreed to testify and that the government has agreed to write a letter on behalf of the individual to bring their cooperation to the attention of the Court that would sentence them.

The government is permitted to enter into these types of plea agreements with witnesses such as [**INSERT NAMES OF WITNESSES**].  The law lays down several rules to guide you in the treatment of such cooperating witnesses.

First, if you come to the conclusion that a cooperating witness has given reliable testimony, you are required to act on it as you would any other testimony you find to be believable, even though you may thoroughly dislike the witness giving it to you.

However, the law imposes upon you stringent requirements as to how you should evaluate such testimony before concluding it to be reliable.  You must examine the testimony of such witnesses with caution and weigh it with great care.  You should bear in mind that a witness who has entered into a cooperation agreement has an interest in this case different from that of an ordinary witness.  Obviously, it is much more pleasant to be a witness than a defendant and the law requires that you scrupulously examine the cooperating witness' motives in persuading the government to accept him as a witness rather than prosecute him at trial.

In this regard, you should consider the benefits, if any, promised by the government to the witness.  Another important matter to consider is not so much the risks the witness may incur by departing from the truth, but the witness' perception of those risks.  In this connection, a

witness might well consider that since the government, as a practical matter, is the only party to this litigation that could call him to account for any misstatements in his testimony, he would be on safer ground erring in the government's favor rather than in the defendant's.  On the other hand, he or she might not have any such view.  The important thing is to assess the witness' perception of what the government expects of him or her.

## REQUEST NO. 24

## EYEWITNESS IDENTIFICATION

There is a question in this case as to whether the Defendant was, in fact, the person who committed the crimes charged in the indictment.  You are required to resolve any conflict or uncertainty on that issue.

In making that determination you may consider the opportunity that the witnesses had to see the person who committed the crime at the time it was committed.  You may also consider the length of time that elapsed between the observation and the later identification.  You may also consider all the circumstances surrounding the subsequent identification.

The burden of proof is on the government with reference to every element of the crimes charged and this includes the burden of proving, beyond a reasonable doubt, that Azamat Tazhayakov was, in fact, the person who committed the crime charged.

## REQUEST NO. 25

### *[If applicable]*

### WITNESS USING OR ADDICTED TO DRUGS

There has been evidence introduced at trial that the government called as a witness a person who was using, or addicted to, drugs.  I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness.  The testimony of a witness who was using drugs at the time of the events he is testifying about, or who is using drugs, or is an addict, at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.[18]

---

[18] Sand, Instruction 7-9.1.

## REQUEST NO. 26

### *[If applicable]*

## CREDIBILITY OF WITNESS - THE DEFENDANT AS A WITNESS

You should judge the testimony of Defendant in the same manner as you judge the testimony of other witnesses in this case.

## REQUEST NO. 27

## LAW ENFORCEMENT WITNESS

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try and attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.[19]

---

[19] Sand, Instruction 7-16.

## REQUEST NO. 28

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[20]

---

[20] Modeled after 1st Circuit Pattern Jury Instruction 2.07.

## REQUEST NO. 29

### [*if applicable*]

## CHARACTER AND REPUTATION, FOR TRUTHFULNESS, WITNESSES

You have heard testimony about the character and reputation of the defendant for truthfulness.  You may consider this evidence in deciding whether to believe the testimony of defendant and how much weight to give it.

## REQUEST NO. 30

## NUMBER OF WITNESSES CALLED IS NOT CONTROLLING

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on side is more credible than the testimony of a greater number of witnesses on the other side.

## REQUEST NO. 31

### *[If applicable]*

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[21]

---

[21]  Sand, Instruction 7-19.

## REQUEST NO.  32

### *[If applicable]*

## TESTIMONY OF A PERJURER

I instruct you that if a witness is shown to have lied about any material matter in this trial, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.[22]

---

[22] Adapted from Sand Instruction 7-17 (comment) and 7-18.

**REQUEST NO. 33**

**CONSPIRACY**

**ELEMENTS OF CONSPIRACY**

In the first count of the superseding indictment, the defendant is charged of conspiring to obstruct justice.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal statutes, which the law refers to as "substantive crimes." The essence of the crime of conspiracy is an agreement or understanding between two or more persons that they will commit an unlawful act.

Now, in order to sustain its burden of proof with respect to the allegations of conspiracy, the Government must separately establish beyond a reasonable doubt each of the following essential elements:

First, the existence of the specific conspiracy charged in the superseding indictment, that is, that two or more persons entered into the unlawful agreement charged in the superseding indictment.  This is also referred to as the "object" of the conspiracy.

Second, that the defendant you are considering became a member of that conspiracy;

Third, that the defendant did so knowingly and willfully, that is with the specific intent to further its illegal purpose, and

Fourth, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the superseding indictment and the act was committed in order to further some unlawful objective of the conspiracy.[23]

---

[23] Adapted from Sand, Instruction 19-3.

If the government fails to prove any one of these elements beyond a reasonable doubt, the defendant must be acquitted.

Now let us separately consider these elements.

## REQUEST NO. 34

## CONSPIRACY

## FIRST ELEMENT: EXISTENCE OF THE CONSPIRACY

The first element is the existence of the conspiracy charged.  If the conspiracy did not exist, then the defendant cannot be guilty of conspiracy.  One person can't commit the crime of conspiracy by himself.  Rather, the proof must convince you beyond a reasonable doubt that at least two people joined together in a common criminal scheme.

A conspiracy is a combination or agreement of two or more persons to accomplish, by concerted action, an unlawful purpose.  It is a kind of partnership in crime.  The gist of the crime is the combination or agreement to violate the law.  Whether or not the conspirators accomplished their objectives is immaterial to the question of whether the government has proven beyond a reasonable doubt that the conspiracy charged in the superseding indictment existed.

The evidence in the case need not show that the members entered into any express or formal agreement by words spoken or in writing, or that they directly stated between themselves what their objective or purpose was to be.  What the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, or through some contrivance, positively came to a mutual understanding what the unlawful act was and how it was to be accomplished.

Further, the government must prove beyond a reasonable doubt the existence of the particular conspiracy that is charged in Count One.  To find the existence of the conspiracies charged in the superseding indictment you must find that there was a conspiracy which had as its objective the violation of the specified federal laws, which I will explain to you shortly.

If on consideration of all the evidence you find beyond a reasonable doubt that at least two persons agreed together to undertake a particular unlawful objective alleged in Count One of the superseding indictment, then proof of the element of the existence of the conspiracy is complete.[24]   You must then consider whether the government has proven the other elements of the offense of conspiracy beyond a reasonable doubt.

---

[24]  Adapted from Devitt & Blackmar, supra, §27.04.

## REQUEST NO. 35

## CONSPIRACY

## SECOND ELEMENT: MEMBERSHIP IN THE CONSPIRACY

The existence of the conspiracy charged in the superseding indictment is only the first of the essential elements that the government must prove beyond a reasonable doubt to prove the crime of conspiracy.  For the government to prove the conspiratorial guilt of the defendant, it must establish both that the conspiracy existed and that the defendant became a member of or participated in the conspiracy willfully and with knowledge and in furtherance of its unlawful purpose.  Accordingly, if you do conclude that the conspiracy as charged existed, then you must determine the second element, that is, whether the defendant you are considering was a member of that conspiracy.

A defendant is a member of a conspiracy only if he knowingly and willfully joins in the conspiracy for the purpose of furthering its unlawful objectives.  In making that determination, there are several rules you must keep in mind.  First, one cannot become a conspirator by mistake.  A person cannot be guilty of conspiracy merely because he associates with people whom he knows are members of a conspiracy and fails to report their unlawful activities to the authorities.

In this regard, you may not find the defendant is a member of a conspiracy merely because of friendship or family relationship or association.  The fact that the defendant may know members of a conspiracy; be associated in business or socially with them; or be related or share some degree of intimacy with a member or members of a conspiracy, even coupled with the knowledge that a conspiracy exists, does not, without more, make the defendant a member.  Obviously, the defendant may share many legitimate and lawful common aims and interests with others.  Mere association or friendship of the defendant with others who may be guilty of crimes,

43

does not establish the defendant's participation in a conspiracy.  Guilt by association is a concept repugnant to our society.  Mere knowledge of the conspiracy or even acquiescence or approval do not establish membership in the conspiracy.

Merely being present at a pace where criminal conduct is underway doesn't make a person a member of a conspiracy to commit that crime.  This is true even if the person knows that a crime is being committed.

Mere similarity of conduct together with the fact that individuals have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.  Similarly, the fact that the acts of a defendant, without knowledge, merely happened to further the purposes or objectives of a charged conspiracy does not make the defendant a member of it.  More is required under the law.  What is necessary is that a defendant must have entered into the conspiracy with a knowledge of the unlawful purpose charged in the superseding indictment and with the intention of aiding in the accomplishment of that unlawful objective.

I repeat: one can be guilty of conspiracy only by knowingly or willfully agreeing with at least one other person to join in the particular conspiracy charged in the superseding indictment and to further its unlawful objective or objectives.  The defendant must know of the conspiracy and participate in it as something that he wishes to further.  He must in some sense promote the venture, make it his own, and wish to bring about or seek by his actions to make it succeed.  In this regard you may consider whether the defendant has a stake in the venture or stands to gain money.  If there was no agreement that the defendant would participate in the conspiracy, then the fact that the defendant committed an act is not sufficient to make the defendant a co-conspirator even though that act may have helped the purposes of the conspiracy.

**REQUEST NO. 36**

**CONSPIRACY**

**THIRD ELEMENT: UNLAWFULLY, KNOWINGLY AND WILLFULLY – DEFINED**

As to this element, the terms "unlawfully" and "knowingly" and "willfully" mean that you must be satisfied beyond a reasonable doubt that in joining a conspiracy, if the defendant you are considering did join a conspiracy, the defendant knew what he was doing; that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to the law.

The word "knowingly" suggests careful thinking and deliberation, not something one says or does by accident or by rote.  It is something one thinks about and plans.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

"Willfully" means to act knowingly and purposefully, with knowledge of what the law requires and with the specific intent to violate the law.[25]

---

[25] Adapted from Sand, Instructions 3A-1 and 3A-3.

**REQUEST NO. 37**

**CONSPIRACY**

**FOURTH ELEMENT: COMMISSION OF AN OVERT ACT**

The fourth element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the superseding indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the superseding indictment be proven or that the defendant in this case committed the overt act.  It is sufficient for the government to prove beyond a reasonable doubt that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the superseding indictment.  It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.  You must also find that the overt act occurred while the conspiracy was still in existence.

In order for the government to satisfy  the overt act element, the government must also prove beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the superseding indictment.  The overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.  It must, however, in some way further the objectives of the conspiracy.

46

The Indictment sets forth several overt acts the Government alleges were made by the conspirators in furtherance of the conspiracy. It is not necessary for the Government to prove all of the overt acts alleged in the Indictment.  It is sufficient for the Government to show that a defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy. However, you must be unanimous on what the overt act is.[26]

---

[26] Adapted from Sand, Instructions 19-7 and 19-8.

## **REQUEST NO. 38**

## **FIFTH ELEMENT OF CONSPIRACY - VENUE**

The fifth and final element the government must prove beyond a reasonable doubt is that either the agreement was formed or that any overt act was committed in the District of Massachusetts.

**REQUEST NO. 39**

**CONSPIRACY TO OBSTRUCT JUSTICE**

**ELEMENTS OF THE OFFENSE**

As I mentioned a few moments ago, in order to find the defendant guilty of count one, you must find beyond a reasonable doubt the existence of the specific conspiracy charged in the superseding indictment.  This is also referred to as the "object" of the conspiracy.

Here, the indictment charges that the object of the conspiracy was to obstruct justice.

In order to find that the defendant obstructed justice, the government must prove beyond a reasonable doubt:

First, that the defendant acted knowingly.

The term "knowingly" means to act voluntarily and intentionally and not because of a mistake or accident or other innocent reason.

Second, that he destroyed, concealed or disposed of a tangible object; and

Third, that the defendant destroyed, concealed or disposed with the intent to impede, or obstruct an investigation of a matter within the jurisdiction of a United States department or agency.

The term "intentionally," means done deliberately. A person acts intentionally with respect to a result or to a conduct described by a statute defining an offense when his/her conscious objective is to cause that result or to engage in that conduct.

In order to return a guilty verdict, all 12 of you must agree that at least one way of violating the statute has been proved (e.g., concealing, disposing of); additionally, all of you must agree the same way has been proved.

The question of whether a person acted "knowingly" and "intentionally" is a question of fact for you to determine like any other fact question. The question involves the defendant's state of mind.  It must be based on your evaluation of whether the government has proven this fact beyond a reasonable doubt. Remember, the government has the burden of proving the defendant's guilt beyond a reasonable doubt. The burden never shifts to the defendant to produce any evidence or call any witnesses.  If the government fails to prove the defendant guilty beyond a reasonable doubt on each and every element of the offense charged in count one of the superseding indictment, your verdict should be one of not guilty.

**REQUEST NO. 40**

**AIDING AND ABETTING OBSTRUCTION OF JUSTICE**

In the second count of the superseding indictment, the defendant is charged with aiding and abetting the obstruction of justice.

To "aid and abet" means intentionally to help someone else commit the charged crime. As I just mentioned, the term "intentionally," means done deliberately. A person acts intentionally with respect to a result or to a conduct described by a statute defining an offense when his/her conscious objective is to cause that result or to engage in that conduct.

In order to be found guilty of aiding and abetting the commission of the crime charged in Count 2 of the indictment, the government must prove beyond a reasonable doubt that the defendant Azamat Tazhayakov:

One, knew that the crime charged was to be committed or was being committed;

Two, knowingly did some act for the purpose of aiding, commanding, encouraging the commission of that crime; and

Three, acted with the intention of causing the crime charged to be committed.

The defendant need not perform the obstruction of justice, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that a crime is being committed are also not sufficient to establish a defendant's guilt.  But you may consider these among other factors.[27]

As is the case with count one, conspiracy to obstruct justice, in order to find the defendant guilty of aiding and abetting conspiracy to obstruct justice, the government must have

---

[27] Modeled after 1st Circuit Pattern Jury Instructions.

proved each of the elements of obstruction of justice beyond a reasonable doubt for you to find

the defendant guilty of aiding and abetting the obstruction of justice.

## REQUEST NO. 41

## DEFENSE THEORY

At the conclusion of trial, the defendant will request a charge as to the theory of defense.

## CONCLUSION

Defendant Azamat Tazhayakov respectfully request that the foregoing instructions be given.  He also requests leave to amend the proposed charges or submit additional charges as they become necessary.

Dated:  New York, New York
        June 9, 2014

                           Respectfully submitted,

                           /s/ Nicholas M. Wooldridge_____

                           Nicholas M. Wooldridge, Esq.
                           Bukh & Associates, PLLC
                           1123 Avenue Z
                           Brooklyn, New York 11235
                           (718) 376-6466

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2014, I served a copy of the foregoing **PROPOSED JURY INSTRUCTIONS** on the Assistant United States Attorneys John A. Capin and B. Stephanie Siegmann by electronic mail.

                           /s/ Nicholas M. Wooldridge, Esq.

                           _____

                           Nicholas M. Wooldridge, Esq.
                           *Attorney for the Defendant Azamat*
                           *Tazhayakov*