UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 13-10238-DPW |
| AZAMAT TAZHAYAKOV | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully

requests that this Honorable Court, in addition to its standard charge to the jury, include the

following special instructions.  The government seeks leave to submit additional proposed

instructions as they may become necessary.


Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:     /s/ *John A. Capin*
_____
JOHN A. CAPIN
B. STEPHANIE SIEGMANN
Assistant U.S. Attorneys


Certificate of Service

I hereby certify that I caused the above document to be served on counsel by filing it
electronically with the Court via the CM/ECF system on June 9, 2014.

/s/ *John A. Capin*
_____
JOHN A. CAPIN

1

# TABLE OF CONTENTS

No. 1 - Punishment

No. 2 - Expert Witnesses

No. 3 - Immunized Witnesses

No. 4 - Conspiracy – 18 U.S.C. § 371

No. 5 – Conspiracy - Defendant Need Not Originate Scheme

No. 6 - Conspiracy – Extent of Participation

No. 7 - Conspiracy – Extent of Conspiracy Liability For Those Deemed Conspirators

No. 8 – Pinkerton Liability For Substantive Offenses Committed By Others

No. 9 - Obstruction of Justice - 18 U.S.C.  § 1519

No. 10 - 18 U.S.C. § 1519 – First Element – Alter, Destroy, Conceal,  Cover Up Tangible Object

No. 11 -  18 U.S.C. § 1519 – First Element – Jury Need Not Agree Unanimously on Which

       Tangible Object Defendant Altered, Destroyed, Concealed, or  Covered Up

No. 12 - 18 U.S.C. § 1519 – Second Element – Acting Knowingly

No. 13 -  18 U.S.C. § 1519 – Third Element – Acting With Intent

No. 14 – Government Need Not Prove Materiality of Obstructive Conduct

No. 15 - Aiding and Abetting

No. 16 – Foreign Language Translations

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**

**<u>PUNISHMENT</u>**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me as the presiding judge in this case.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense to enter into your deliberations.

Adapted from 1 Sand, <u>Modern Federal Jury Instructions</u>, ¶ 9.01, Instruction No. 9-1 at 9-3.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

**<u>EXPERT WITNESSES</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert" witnesses.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  If you decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.    As with any other witness, it is up to you to decide whether to believe the testimony of an expert witness and whether to rely on it, in whole or in part.  The determination of the facts in this case rests solely with you.

1 Devitt, et al. § 14.01; <u>Pattern Criminal Jury Instruction</u>, Fifth Circuit Judges Association (West 1979), p. 20; <u>Pattern Criminal Jury Instructions</u>, Federal Judicial Center (1982);  1 L.Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction No. 7-21.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

## **IMMUNIZED WITNESS**

You have heard testimony from one witness, Bayan Kumiskali, who testified pursuant to an immunity agreement with the government.  That agreement provides that no statements or testimony she provides can be used against her, directly or indirectly, in a criminal case, except for a prosecution for perjury or obstruction of justice.

Some people in this position are entirely truthful when testifying. Still, you should consider the witness's testimony with particular caution. She may have had reason to make up stories or exaggerate what others did because she wanted to help himself.  You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits she has received from the government as a result of her immunity agreement.

Adapted from First Circuit Pattern Jury Instructions, § 2.08 (2009)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4**

<u>**COUNT ONE- 18 U.S.C. § 371 - Conspiracy**</u>

Count One of the Indictment charges defendant Azamat Tazayhakov with conspiring to commit a federal crime -- specifically, the crime of obstruction of justice.  It is against federal law to conspire with someone to commit this crime.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to obstruct justice;

> Second, that the defendant willfully joined in that agreement; and

> Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree and an intent, whether reasonable or not, that the

underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

The Government does not have to prove that the defendant intended to commit the underlying offense himself.  There must be proof, however, that a second conspirator with criminal intent existed.   Adapted from First Circuit Pattern Jury Instructions, § 4.09 (2009)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
**DEFENDANT NEED NOT ORIGINATE SCHEME**

In order to establish a conspiracy, the government is not required to establish that a defendant originated the conspiracy or illegal scheme.  It is sufficient to prove that there was a conspiracy in which the defendant knowingly participated.

Adapted from 2 Sand, Modern Federal Jury Instructions (Criminal), § 44.01, Instruction No. 44-4.  United States v. Cloud, 872 F.2d 846, 850 (9th Cir. 1989).

## GOVERNMENT PROPOSED INSTRUCTION NO. 6
## <u>EXTENT OF PARTICIPATION</u>

The Indictment charges that the defendant participated in a conspiracy to obstruct justice.

The extent of a defendant's participation has no bearing on the issue of that defendant's guilt.  A defendant's liability is not measured by the extent or duration of his  participation in the conspiracy charged.  Indeed, each member of a joint criminal enterprise may perform separate and distinct acts and may perform them at different times.  Some members play major roles, while others play minor parts.  An equal role is not what the law requires.

Adapted from 1 L. Sand et al., <u>Modern Federal Jury Instructions (Criminal)</u>, §19.01, Instruction No. 19-6 (2006).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 7**
**EXTENT OF CONSPIRACY LIABILITY FOR THOSE DEEMED CONSPIRATORS**

Once a defendant's participation in the conspiracy is established, the defendant may be held accountable – as relates to the conspiracy charge – for everything said, written, or done by any other conspirator in furtherance of the conspiracy, even  where the acts were done before the defendant joined the conspiracy and even if the defendant was unaware of precisely what was done or who did it.

United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948); Deacon v. United States, 124 F.2d 352, 358 (1st Cir. 1941).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### <u>PINKERTON LIABILITY FOR SUBSTANTIVE</u>
### <u>OFFENSES COMMITTED BY OTHERS</u>

(1)     Count Two charges the defendant with committing the substantive crime of obstruction of justice.

(2)     There are three ways that the government can prove the defendant guilty of this crime.  The first is by convincing you that he or she personally committed or participated in the particular offense charged.  The second is by proving that the defendant aided and abetted someone else in committing the particular offense charged.  The third, which I will discuss now, is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)     This means that a conspirator may be convicted of a crime committed by another conspirator, even if he or she did not personally participate in that crime themselves.

(4)     But for you to find the defendant guilty based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     <u>First</u>, that the defendant was a member of the conspiracy charged in Count One of the indictment.

(B)     <u>Second</u>, that after he or she joined the conspiracy, and while he or she was still a member of it, one or more of the other members committed the particular offense charged.

(C)     <u>Third</u>, that this crime was committed in furtherance of the conspiracy.

(D)    And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)    This does not require proof that the defendant specifically agreed or knew that this particular crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.   No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

Adapted from:  Committee on Pattern Criminal Jury Instructions District Judges Association Sixth Circuit, Pattern Criminal Jury Instructions: Sixth Circuit §3.10 (2005).  See United States v. Gobbi, 471 F.3d 302, 309 (1st Cir. 2006) (noting alternative bases of liability based on direct involvement, aiding and abetting, and Pinkerton liability); United States v. Hansen, 434 F.3d 92, 104 (1st Cir. 2006) (noting emphasis, in properly-given Pinkerton instruction, "that the jury was obligated to find each element of Pinkerton beyond a reasonable doubt").

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

## COUNT TWO- 18 U.S.C. § 1519 – OBSTRUCTION OF JUSTICE

Count Two of the Indictment charges defendant Azamat Tazayhakov with obstruction of justice.  It is against federal law to knowingly alter, destroy, conceal, and cover up tangible objects with the intent to impede, obstruct, and influence an investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States Government, and in relation to and contemplation of such investigation and matter.

For you to find the defendant guilty of obstruction of justice, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant altered, destroyed, concealed, or covered up a tangible object;

Second, that the defendant acted knowingly; and

Third, that the defendant acted with intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States or in relation to or contemplation of any such matter or case.

If you find from your consideration of all the evidence that each of these elements has been proven beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proven beyond a reasonable doubt, then you should find the defendant not guilty.

18 U.S.C. § 1519; United States. v. Powell, 680 F.3d 350, 356 (4th Cir. 2012) (listing elements of § 1519 as "(1) the defendant made a false entry in a record, document, or tangible object; (2) the defendant did so knowingly; and (3) the defendant intended to impede, obstruct, or influence the investigation or proper administration of any matter [within the jurisdiction of any department or agency of the United States… or in relation to or contemplation of any such matter or case])."

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 10**

**FIRST ELEMENT: 18 U.S.C. § 1519 –**
**ALTER, DESTROY, CONCEAL, COVER UP TANGIBLE OBJECTS**

The first element of the offense charged in Count Two requires the government to prove beyond a reasonable doubt that the defendant altered, destroyed, concealed, or covered up a tangible object.  The Indictment alleges that the defendant removed Dzhokhar Tsarnaev's laptop computer and a backpack containing fireworks, a jar of Vaseline and a thumb drive from Tsarnaev's dormitory room.   For the purposes of your deliberations, to alter means to change the condition of the item.  To destroy means to cause to no longer exist.  To conceal or cover up means to hide, remove from its original location, or place out of sight.  A laptop computer and a backpack and its contents is each a tangible object.

In order to find that this element has been proved, you must find that the defendant altered, destroyed, concealed, or covered up Tsarnaev's laptop computer or his backpack and its contents.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 11**

**<u>JURY NEED NOT AGREE UNANIMOUSLY ON WHICH TANGIBLE OBJECT
DEFENDANT ALTERED, DESTROYED, CONCEALED, OR COVERED UP</u>**

The Indictment Count alleges specifically that the defendant knowingly altered,

destroyed, concealed, or covered up Dzhokhar Tsarnaev's laptop computer and a backpack

containing fireworks, a jar of Vaseline and a thumb drive from Tsarnaev's dormitory room.  In

order to find that this element has been proved, you must find that the defendant altered,

destroyed, concealed, or covered up at least one of these tangible objects, but all of you need not

agree that the same tangible object was altered, destroyed, concealed, or covered up.  If you find

that the defendant hid, placed out of sight, or caused to no longer exist any of the tangible objects

named in the indictment,  then the first element has been proved.


United States v. Schmeltz, 667 F.3d 685, 687-688 (6th Cir. 2011)(approving § 1519 instruction
that jury "must agree that at least one way of violating the statute has been proved; however, all
of you need not agree that the same way was approved. . . . Jurors could therefore disagree about
what Schmeltz omitted from the reports while unanimously agreeing on the ultimate issue: that
Schmeltz knowingly falsified his Corrections Officer Report with the intent to impede a federal
investigation.") .

United States v. Gray, 692 F.3d 514, 520-521 (6th Cir.2012)("[I]t is the falsification, not the
means by which the falsifications are achieved, that is an element of 18 U.S.C. §  1519.  Thus,
the jury did not need to be unanimous about the way in which Gray violated §  1519.").

United States v. Moyer, 674 F.3d 192, 205 (3rd Cir. 2012)(same).

United States v. Lee, 317 F.3d 26, 36 (1st Cir. 2003) (holding that jury unanimity not required on
question of which 15 credit cards defendant possessed in violation of § 1029(a)(3)).  "A federal
criminal jury must unanimously agree on each 'element' of the crime in order to convict, but
need not agree on all the 'underlying brute facts [that] make up a particular element.'"

United States v. Verrecchia, 196 F.3d 294, 298-99 (1st Cir. 1999) (holding that jury did not have
to unanimously agree on at least one particular firearm that defendant possessed to find him
guilty on count alleging multiple firearms).

United States v. Pagan-Santini, 451 F.3d 258, 267 (1st Cir. 2006) (failure to instruct jury to
unanimously agree on at least one of three false statements was not plain error)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 12**

**SECOND ELEMENT: 18 U.S.C. § 1519 - ACTING KNOWINGLY**

The second element of the offenses charged in Count Two requires the

government to prove beyond a reasonable doubt that the defendant acted knowingly.

A defendant acts "knowingly" if he realizes what he is doing and is aware of the nature of

his conduct, and does not act through ignorance, mistake, or accident.  Knowledge may be

proven by the defendant's conduct, and by all the facts and circumstances surrounding the case.

L. Sand, Modern Federal Jury Instructions, No. 3A-1.

United States v. Odom, 13 F.3d 949, 961 (6th Cir. 1994) (approving jury instruction defining knowingly as meaning voluntarily and intentionally and not because of mistake or accident).

United States v. Jackson, 186 Fed. Appx. 736, 2006 WL 1737193 (9th Cir. Jun. 20, 2006) (mem.) (unpublished) (upholding instruction in § 1519 prosecution that defendant need not know actions were illegal).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 13

## THIRD ELEMENT: 18 U.S.C. § 1519 - ACTING WITH INTENT

The third element of the offense charged in Count Two requires the government to prove beyond a reasonable doubt that the defendant acted with intent to impede, obstruct, or influence the investigation or proper administration of a matter that is within the jurisdiction of any department or agency of the United States, or in relation to or in contemplation of any such matter or case.

You need not find that any investigation was pending or imminent at the time of the defendant's conduct. You need only find that the act was done "in contemplation" of, or in relation to, the administration or investigation of a matter that is, in fact, within the jurisdiction of a federal agency.

The Federal Bureau of Investigation (FBI) is an agency of the United States, and the Boston Marathon Bombing investigation is a matter within the jurisdiction of the FBI.

Intent is a state of mind and can be proved by circumstantial evidence. Indeed, it can rarely be established by any other means. In determining whether this element of intent was present, you may consider all the attendant circumstances of this case. You may infer that a person ordinarily intends all the natural and probable consequences of an act he knowingly takes. In other words, you may infer that the defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from the acts he knowingly took.

If you find that the defendant intended to impede, obstruct or influence any current or future investigation into the events surrounding the Boston Marathon bombings, then you may find that this third element has been met.

United States v. Yielding, 657 F. 3d 688, 714 (8th Cir. 2011) (citing with approval § 1519 instruction stating that the government "need not prove that the defendant specifically knew that the matter was within the jurisdiction of a department or agency" because "[i]t is sufficient that the 'matter' is within the jurisdiction of a federal agency as a factual matter.").

United States v. Moyer, 674 F.3d 192, 208, 209  (3rd Cir. 2012)("government need not prove that defendant actually knew that the 'matter' at issue was within the jurisdiction of the federal government when he falsified documents." In Moyer, the Third Circuit also rejected the argument that under § 1519 government needs to prove a sufficient "nexus" between defendant's conduct and the federal investigation, as required by United States v. Aguilar, 515 U.S. 593 (1995) and Arthur Andersen LLP v. United States, 544 U.S. 696 (2005).  "The text of § 1519 requires only proof that [defendant] knowingly falsified documents and did so with intent to 'impede, obstruct, or influence the investigation or proper administration of any matter' that happens to be within federal jurisdiction."

United States v. Gray, 642 F.3d 371, 378 (2nd Cir. 2011)("§ 1519 does not require the existence or likelihood of a federal investigation, nor the defendant's knowledge of a pending federal investigation").

United States v. Gray, 692 F.3d 514, 519 (6th Cir. 2012)(upholding district court's refusal to give requested defense instruction that there be a nexus between obstruction and the federal investigation under § 1519; "18 U.S.C. § 1519 does not require the Government to prove he intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that [defendant] intended to obstruct the investigation of *any* matter that happens to be within the federal government's jurisdiction.")

United States v. Kernell, 667 F. 3d 746, 755 (6th Cir. 2012)(noting that "courts have held that the belief that a federal investigation might begin at some point in the future satisfies the 'in contemplation' prong" of § 1519, citing United States v. Lanham, 617 F.3d 873, 887 (6th Cir. 2010).

S. Rep. No. 107-146, pp. 14-15 (2002) ("Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation of proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done whether in relation to or in contemplation of such a matter or investigation. This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done 'in contemplation' of or in relation to a matter or regulation. It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title. Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute . . . The intent of the provision is simple; people should not be destroying, altering, or falsifying documents to obstruct any government function.").

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 14**

**GOVERNMENT NEED NOT PROVE MATERIALITY OF OBSTRUCTIVE CONDUCT**

In order to prove that the defendant obstructed justice, the government need not prove that by altering, destroying, concealing, or covering up a tangible object, the defendant influenced the FBI's investigation into the Boston Marathon bombings.  The government also need not prove that the defendant's actions had a natural tendency to influence, or was capable of influencing, the FBI's investigation into the Boston Marathon bombings.

United States v. Powell, 680 F.3d 350, 355 (4th Cir. 2012).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

### 18 U.S.C. §  2 - AIDING AND ABETTING

Each of the counts of the Indictment charge the defendant with aiding and abetting others in committing the various crimes charged, in addition to committing the crimes himself.  Section 2 of Title 18 of the United States Code is the aiding and abetting statute and it provides as follows:

> (a)  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

> (b)  Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

For the purposes the aiding and abetting statute, to "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime, and (2) a defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.  So, if the acts or conduct of an agent or other associate of a defendant are willfully directed or authorized by the defendant, or if a defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

This means that the government must prove that a defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.  A defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an

unlawful act may occur or that something criminal is happening is not enough.  Mere presence at

the scene of a crime and knowledge that a crime is being committed are also not sufficient to

establish aiding and abetting.

18 U.S.C. § 2; adapted from <u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 4.02 (1998).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**

**<u>FOREIGN LANGUAGE TRANSLATIONS</u>**

Among the exhibits admitted during trial were translations of documents written in Russian.  They were provided to you so that you could consider the content of certain documents.

Whether a translation is accurate, in whole or in part, is for you to decide.  In considering whether a translation accurately describes the meaning of an exhibit, you should consider the testimony presented to you regarding how, and by whom, the translation was made.  You may consider the knowledge, training, and experience of the translator.  You should not rely in any way on any knowledge you may have of the Russian language; your consideration of the translations should be based solely upon the evidence introduced in the trial.