UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Crim. No. 13-10238-DPW |
| AZAMAT TAZHAYAKOV | ) |
| | ) |
| Defendant. | ) |

**ASSENTED-TO GOVERNMENT'S MOTION TO CONDUCT CRIMINAL BACKGROUND CHECKS OF POTENTIAL JURORS**

With the assent of the defendant, the government respectfully moves for permission to conduct criminal background checks of potential jurors who pass the Court's preliminary screening process during jury selection.  28 U.S.C. § 1865(b)(5) prohibits persons with pending criminal charges or state or federal convictions for crimes punishable by imprisonment for more than one year from serving on federal juries.  Consistent with the statute, the First Circuit has found that criminal background checks of jurors by the government in criminal cases, even without prior approval of the Court, are appropriate.  *See, e.g., United States v. McIntosh*, 380 F.3d 548, 557-558 (1st Cir. 2004).[1]

As the Court is aware, considerable government resources will be spent and legal costs will be incurred at the upcoming trials of the defendant Tazhayakov and his co-defendants.  It is thus important to take steps necessary to address potential appellate issues in the first instance.  For example, in *Sampson v. United States*, 724 F.3d 150, 167-68 (1st Cir. 2013), the First Circuit vacated the jury's unanimous death penalty verdict as a result of a juror's dishonesty in completing the jury questionnaire and during the voir dire process.

Like the First Circuit in *McIntosh*, numerous other federal courts of appeal have assumed the propriety of criminal background checks of potential jurors, even in the absence of prior

---

[1] *McIntosh* and the other federal cases cited herein raise the question of whether this motion is necessary; nevertheless, in an abundance of caution, the government moves herein.

approval from the district court.  *See, e.g., Black v. Workman*, 682 F.3d 880, 898 (10th Cir. 2012) (assuming propriety of criminal background checks of potential jurors); *United States v. Brown*, 553 F.3d 768, 797 (5th Cir. 2008) (same); *United States v. Jones*, 332 F. App'x 767, 768-69 (3d Cir. 2009) (same); and *United States v. Warner*, 498 F.3d 666, 688 (7th Cir. 2007) (finding no abuse of discretion in district court's decision to call for background checks).

In fact, in Massachusetts, criminal background checks of potential jurors are authorized by statute, *see* M.G.L. c. 234A, § 33, and have been upheld by the Supreme Judicial Court.  *See, e.g.*, *Commonwealth v. Cousin*, 873 N.E.2d 742, 748-49 (2007), cert. denied, 553 U.S. 1007 (2008) ("[i]nquiring into the criminal records of jurors in a criminal case for the purposes of determining their qualifications to serve and their impartiality fits squarely within the 'criminal justice duties' of prosecutors"); *see also Commonwealth v. Hampton*, 928 N.E.2d 917, 927 (2010).

Here, allowing the government to conduct criminal background checks is in the interest of justice, consistent with established precedent, and will:  (a) ensure that a fair, impartial and statutorily eligible jury is selected; (b) provide a basis to determine whether jurors have truthfully answered their questionnaires with respect to an important subject; (c) minimize the possibility of a mistrial; and (d) promote finality by mitigating potential appellate and collateral issues.  This process was used during the trial of *United States v. James Bulger*, Criminal Action No. 99-10371-DJC.  When the criminal background checks were performed, the government determined that four individuals had lied about their criminal histories on their juror questionnaires.

Accordingly, for the reasons set forth herein, the government respectfully requests that the Court grant this motion. The defendant assents to this motion.

> Respectfully submitted,
>
> CARMEN M. ORTIZ
> United States Attorney
>
> By:  */s/ B. Stephanie Siegmann*
> B. STEPHANIE SIEGMANN
> JOHN A. CAPIN
> Assistant U.S. Attorneys

Certificate of Service

I do hereby certify that a copy of this motion was served upon counsel of record via ECF on this 20th day of June 2014.

*/s/ B. Stephanie Siegmann*