```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA   )
                           )
          v.               )
                           )   CRIMINAL NO. 13-10238-DPW
AZAMAT TAZHAYAKOV          )
                           )
          Defendant        )
                           )
```

## BASIC INSTRUCTIONS
## AS TO ELEMENTS OF THE OFFENSES CHARGED

What is it the government has undertaken to prove beyond a reasonable doubt regarding the indictment in this case?

The indictment has two counts. In Count 1, the defendant is accused of violating federal law by entering into an agreement with one or more other persons to engage in obstruction of justice in violation of § 1519 of the federal criminal code, which makes it a crime knowingly to alter, destroy, conceal or cover up tangible objects with the intent to impede, obstruct or influence an investigation within the jurisdiction of a Federal agency. That is the conspiracy count. In Count 2, the defendant is accused of substantively engaging in obstruction of justice in violation of § 1519, in connection such an investigation. That is the substantive count.

As you can see, both counts in the indictment turn on the elements of section 1519. Consequently, I will generally describe those elements to you at the outset before turning to each count specifically. Under section 1519, there are four basic elements the government must prove beyond a reasonable doubt.

First, that the defendant altered, destroyed, concealed, or covered up a tangible object;

Second, that the defendant did so knowingly;

Third, that the defendant acted with the intent to impede, obstruct or influence the investigation or proper administration of

Fourth, a matter within the jurisdiction of a federal agency.

The first element of § 1519 requires the government to prove beyond a reasonable doubt that the defendant may be held responsible for altering, destroying, concealing of covering up one or more tangible objects. The government contends in the indictment that (I) a laptop computer and (ii) a backpack containing fireworks, a jar of Vaseline and a thumb drive, both of which the government contends were removed from Mr. Tsarnaev's dormitory room, are such objects.

With respect to this first element:

To alter means to change the condition of the object;

To destroy means to cause the object to exist no longer; and

.

To conceal or cover up means to hide or place the object out of sight.

The second element requires the government to prove beyond a reasonable doubt that the defendant altered, destroyed, concealed or covered up the objects at issue knowingly.  A defendant acts knowingly if he realizes what he is doing, is aware of the nature of his conduct and does not act through ignorance, mistake or accident.

The third element requires that the government prove beyond a reasonable doubt that the defendant acted with the intent to impede, obstruct or influence a designated investigation.

The fourth element requires that the government prove beyond a reasonable doubt that the investigation, with respect to which the defendant acted knowingly and with the intent to impede, obstruct or influence, concerned a matter within the jurisdiction of a federal agency and specifically in this case the developing investigation of the Boston Marathon Bombing by the Federal Bureau of Investigation.

With those elements of § 1519 as charged in this case in mind, we can return to the two counts of the indictment.

As to Count 2 of the indictment, the substantive count, there are three ways the government may prove the defendant guilty of the offense.

First, the government may prove the defendant himself committed the acts charged to be in violation of § 1519 with the required knowledge and intent.

Second, the government may prove the defendant aided and abetted some other person who committed the acts charged to be in violation of § 1519 with the required knowledge and intent. To prove aiding and abetting the government must prove beyond a reasonable doubt that:

(a) Someone else committed the crime defined by § 1519 as alleged in the indictment; and

(b) the defendant knowingly, as I have defined that term before, and willfully - that is deliberately and intentionally with the specific intent to facilitate the crime defined by § 1519 - associated himself in some way with that crime and willfully participated in the crime as he would in something he wished to bring about through some affirmative act in furtherance of the offense.

Third, the government may prove the defendant violated § 1519 as charged in the indictment by proving beyond a reasonable doubt:

(a) that the crime was committed by some person or persons with whom the defendant conspired during the period the defendant and the other person or persons were members of the conspiracy;

(b) that the crime was committed in furtherance of the

alleged conspiracy; and

(c) that the crime was a foreseeable dimension of the alleged conspiracy in that the defendant could reasonably have anticipated that such a crime would be a necessary and natural consequence of the conspiratorial agreement.

That third way by which the government may prove the defendant guilty of the substantive offense in Count 2, leads us to a consideration of Count 1, the conspiracy count.

The defendant is charged in Count 1 with violating federal criminal law by conspiring to violate § 1519.

There are three essential elements the government must prove beyond a reasonable doubt to prove the crime of conspiracy in this case against the defendant.

First, the agreement specified in the indictment - and not some other agreement or agreements - existed between at least two people to impede, obstruct justice or influence the investigation alleged in the indictment in violation of § 1519;

Second, the defendant willfully - again, that is deliberately and intentionally with the specific intent to violate § 1519 - joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of that conspiracy. In this connection, an overt act is some act, whether itself lawful or not, that advances the purpose of the charged conspiracy.